IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY D. EDWARDS,<br><br>             Petitioner,<br><br>     v.<br><br>COUNTY OF SACRAMENTO,<br><br>             Respondent. | No.  2:23-CV-0147-TLN-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

       Petitioner, a prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Pending before the Court is Petitioner's [amended] petition for a writ of habeas corpus, ECF No. 1.

       Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In the instant case, it is plain that Petitioner is not entitled to federal habeas relief.

       Petitioner is an inmate at the Rio Consumnes Correctional Center in Elk Grove, California.  In his petition, Petitioner challenges the conditions of his confinement at that facility.  See ECF No. 1.  Specifically, it appears that Petitioner's claim relates to dental care he received in 2021.  When a prisoner challenges the legality of his custody – either the fact of confinement or the duration of confinement – and the relief he seeks is a determination that he is entitled to an

1 earlier or immediate release, such a challenge is cognizable in a petition for a writ of habeas
2 corpus under 28 U.S.C. § 2254.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also
3 Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49
4 F.3d 583, 586 (9th Cir. 1995) (per curiam).  Where a prisoner challenges the conditions of
5 confinement, as opposed to the fact or duration of confinement, his remedy lies in a civil rights
6 action under 42 U.S.C. § 1983.  See Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985); see
7 also Skinner v. Switzer, 131 S.Ct. 1289, 1298-99 n.13 (2011) (stating that ". . .when a prisoner's
8 claim would not 'necessarily spell speedier release,' that claim does not lie at 'the core of habeas
9 corpus' and may be brought, if at all, under § 1983").   Any claim that does not necessarily
10 shorten an inmate's incarceration, if successful, falls outside the scope of habeas jurisdiction.
11 See Blair v. Martel, 645 F.3d 1151, 1157-58 (9th Cir. 2011); see also Wilkerson v. Wheeler, ___
12 F.3d ___, 2014 WL 6435496 (9th Cir. 2014) (discussing loss of good-time credits); Nettles v.
13 Grounds, 788 F.3d 992 (9th Cir. 2015) (discussing loss of good-time credits).  Thus, 28 U.S.C. §
14 2254 cannot be used to challenge the conditions of confinement, and 42 U.S.C. § 1983 cannot be
15 used to challenge the fact or duration of confinement.
16         Here, because Petitioner is improperly attempting to use a habeas action under 28
17 U.S.C. § 2254 to challenge the conditions of confinement as opposed to the fact or duration of
18 confinement, the petition should be dismissed without prejudice to re-filing under 42 U.S.C. §
19 1983.
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

1	Based on the foregoing, the undersigned recommends that Petitioner's petition for
2	a writ of habeas corpus, ECF No. 1, be summarily dismissed.
3	These findings and recommendations are submitted to the United States District
4	Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days
5	after being served with these findings and recommendations, any party may file written
6	objections with the court. Responses to objections shall be filed within 14 days after service of
7	objections. Failure to file objections within the specified time may waive the right to appeal. See
8	Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 9, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE